IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                Case No. 10-10035-001

TIMOTHY B. RIGGANS,

    Defendant.

## ORDER

Mr. Riggans filed a pro se motion for pre-sentence jail credit. (Dkt. No. 62). This court cannot reach the merits of Mr. Riggans's petition because it lacks jurisdiction to award credit for prior custody before he exhausts administrative remedies.

Title 18 of the United States Code Section 3585(b) states "[A] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." The Attorney General (Bureau of Prisons) is responsible for making the initial computation of prior custody credit under 18 U.S.C. § 3585(b) after the inmate begins his sentence. *United States v. Wilson*, 503 U.S. 329, 334 (1992). Once the Bureau of Prisons has made a determination of prior credit, the inmate must exhaust administrative remedies under 28 C.F.R. §§ 542.10-16 before seeking review from a U.S. District Court. *See id.* at 335; *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994); *United States v. Meindl*, 269 F. App'x 849, 851-52 (10th Cir. 2008).

2

As outlined in 28 C.F.R. §§ 542.10-16, an inmate must first make an informal request to correctional staff before submitting a formal Administrative Remedy Request. § 542.13. The inmate must next file a formal Administrative Remedy Request (BP-9) according to the specifications outlined in § 542.14. If the inmate is unsatisfied with the result, the inmate can appeal to the appropriate Regional Director (BP-10) and then can appeal to the General Counsel (BP-11) according to the requirements set forth in § 542.15. The appeal to the General Counsel is the final administrative appeal. Once the inmate has completed this administrative remedy process, the computation of credit for prior custody becomes reviewable by a U.S. District Court.

Mr. Riggans correctly pursued the informal request outlined in 28 C.F.R. § 542.13 (Attachment C) and the first formal request (Attachment D) outlined in 28 C.F.R. § 542.14. There is no record before this court that Mr. Riggans appealed his Request for Administrative Remedy to the Regional Director or General Counsel as required to exhaust administrative remedies. Therefore, this court denies the motion.

IT IS ACCORDINGLY ORDERED this 6th day of August, 2012, that Mr. Riggans's Motion for pre-sentence jail credit is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE